SUPERIOR COURT 
 
 COMMONWEALTH v. JUSTICE GILKES

 
 Docket:
 2181CR00484
 
 
 Dates:
 August 21, 2024
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 DECISION AND ORDER DENYING DEFENDANT’S MOTION TO DISMISS INDICTMENT 003
 
 

 Justice Gilkes has been indicted for unlawful possession of a firearm, unlawful possession of a loaded firearm, discharging a firearm within 500 feet of a building, and violating G.L. c. 269, § 11C, by removing a firearm’s serial number or by knowingly receiving a firearm with a defaced serial number.
Mr. Gilkes has moved to dismiss the last of these indictments. He contends that the Massachusetts statute making it a crime to deface a firearm’s serial number or knowingly receive a firearm with a defaced serial number violates the Second Amendment to the United States Constitution. The Court disagrees.
The plain text of the Second Amendment does not cover removing a firearm’s serial number or knowingly carrying a firearm without a serial number because the statutory ban on knowingly doing so does not impair one’s ability to keep and bear arms and, in any case, firearms without serial numbers are not in common use for lawful purposes. The Court will therefore deny Gilkes’s motion to dismiss indictment 003.
The Second Amendment protects the right of “ordinary, law-abiding citizens” to “possess handguns in their home for self-defense” and to “carry handguns publicly for their self-defense.” New York State Rifle & Pistol Ass’n, Inc. v. Bruen, 597 U.S. 1, 8 (2022). More succinctly, the Second Amendment protects “ ’the right of law-abiding, responsible citizens to use arms’ for self-defense.” Id. at 26, quoting District of Columbia v. Heller, 554 U.S. 570, 635 (2008). The Second Amendment applies to the States through the Fourteenth Amendment. See McDonald v. City of Chicago, Illinois, 561 U.S. 742, 749–750 (2010).
The text of the Second Amendment states that, “[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.” See Heller, 554 U.S. at 576.
 
                                                            -1-
 
In Bruen, the Supreme Court directed that, “[w]hen the Second Amendment’s plain text covers an individual’s conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation’s historical tradition of firearm regulation.” Bruen, 597 U.S. at 24.
Gilkes’ constitutional challenge fails because the plain text of the Second Amendment does not cover defacing or removing a serial number from a firearm, or knowingly possessing a firearm from which the serial number has been defaced or removed. The Court reaches that conclusion for two reasons.
First, the statute that Gilkes is challenging does not restrict one’s ability to keep and bear arms.
The Supreme Court has ruled that “the most natural reading of ‘keep Arms’ in the Second Amendment is to ‘have weapons.’ ” Heller, 554 U.S. at 582. “ ’Keep arms’ was simply a common way of referring to possessing arms.” Id. at 583. The Court also ruled that, as used in the Second Amendment, the phrase “bear Arms” means to carry a weapon “for the purpose … of being armed and ready for offensive or defensive action in a case of conflict with another person.” Id. at 584, quoting Muscarello v. United States, 524 U.S. 125, 143 (1998) (Ginsburg, J.), quoting in turn Black’s Law Dictionary 214 (6th ed. 1990).
In other words, “the ‘textual elements’ of the Second Amendment’s operative clause—‘the right of the people to keep and bear Arms, shall not be infringed’— ’guarantee the individual right to possess and carry weapons in case of confrontation.’ ” Bruen, 597 U.S. at 20, quoting the Second Amendment and Heller, 554 U.S. at 592.
One’s ability to have a firearm (“keep arms”) and to carry it for possible use it in case of conflict with someone else (“bear arms”) is restricted not in the slightest by whether the firearm has the serial number stamped on it by the manufacturer, or by whether someone has defaced or removed the serial number. “[A] firearm with a serial number is equally effective as a firearm without one.” United States v. Marzzarella, 614 F.3d 85, 95 (3d Cir. 2010), cert. denied, 562 U.S. 1158 (2011), abrogated on other grounds by Bruen, supra. “With or without a serial number, a pistol is still a pistol,” and “a person is just as capable of defending himself with a marked firearm as with an unmarked firearm.” Id. at 94.
 
                                                            -2-
 
It follows that statutes barring knowing possession of firearms without a serial number are not covered by the plain text of the Second Amendment, and Gilkes’s constitutional challenge therefore fails. See, e.g., United States v. Brabham, 2024 WL 3165467, at *5 (M.D. Penn. June 24, 2024); United States v. Serrano, 651 F.Supp.3d 1192, 1210–1211 (S.D. Calif. 2023); United States v. Dangleben, 2023 WL 6441977, at *5 (D.V.I. Oct. 3, 2023); United States v. Tita, 2022 WL 17850250, at *7 (D. Md. Dec. 22, 2022); United States v. Reyna, 2022 WL 17714376, at *5 (N.D. Ind. Dec. 15, 2022); United States v. Holton, 639 F.Supp.3d 704, 710–711 (N.D. Tex. 2022).
Second, the plain text of the Second Amendment does not cover the challenged statute for the additional reason that firearms without serial numbers are not in common use for lawful purposes.
“[T]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.” Heller, 554 U.S. at 625. In other words, “a weapon must be in common use for a lawful use to be protected” by the Second Amendment. United States  v. Price,   F.4th    ,  2024 WL  3665400,  at *8 (4th Cir. Aug.  6, 2024) (en banc).
With respect to serial numbers, there is “no compelling reason why a law- abiding citizen would prefer an unmarked firearm’ because unmarked firearms have value ‘primarily for persons seeking to use them for illicit purposes.’ ” Price, supra, quoting Marzzarella, 614 F.3d at 95. There does not appear to be “any lawful purpose served by obliterating a serial number on a firearm.” Price, supra, quoting Marzzarella, supra.
Since “firearms with obliterated serial numbers” are not “in common use for lawful purposes,” a statute that makes it unlawful to deface or remove a serial number or knowingly possess a firearm without one “does not violate the Second Amendment.” Price, 2024 WL 3665400, at *11; accord id. at *13 (Niemeyer, J., concurring in the judgment); id. at 16 (Quattlebaum and Rushing, JJ., concurring in the judgment); United States v. Hyde, 2024 WL 726909, at *3 (11th Cir. Feb. 22, 2024) (per curiam); United States v. Avila, 672 F.Supp.3d 1137, 1144 (D.Col. 2023); United States v. Trujillo, 670 F.Supp.3d 1235, 1241 (D.N.M. 2023); Serrano,  651  F.Supp.3d at 1211; United States  v. Sing-Ledezma,  2023 WL 8587869, at *4 (W.D. Tex. Dec. 11, 2023); Reyna, 2022 WL 17714376, at *5.
 
                                                            -3-
 
The only authority addressing firearm serial numbers that Gilkes cites in support of his motion is the October 2022 decision by the federal district judge in the Price case. That ruling has now, quite correctly, been reversed by the Fourth Circuit’s recent en banc decision. See 2024 WL 3665400, at *11.
ORDER
Defendant’s motion to dismiss indictment 003 is denied.